979 F.2d 217
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Orina H. FULTON, Petitioner,
v.
MERIT SYSTEMS PROTECTION BOARD, Respondent.
 No. 92-3320.
 United States Court of Appeals, Federal Circuit.
 Sept. 18, 1992.
 
 Before PAULINE NEWMAN, PLAGER and RADER, Circuit Judges.
 RADER, Circuit Judge.
 
 DECISION
 
 1
 Orina H. Fulton appeals the October 22, 1991, Initial Decision of the Administrative Judge, No. DC0752910690I1, which became final on February 24, 1992, when the Merit Systems Protection Board (Board) denied review. The Board dismissed Mr. Fulton's appeal as untimely. Because the Board did not abuse its discretion or otherwise commit reversible error, this court affirms the decision.
 
 DISCUSSION
 
 2
 This court sustains a Board decision unless: (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law; or (3) unsupported by substantial evidence. 5 U.S.C. § 7703(c) (1988); Phillips v. United States Postal Serv., 695 F.2d 1389, 1390 (Fed.Cir.1982). The Board dismissed Mr. Fulton's appeal as untimely.
 
 
 3
 Under the Board's regulations, an individual must file an appeal within twenty days of a removal action's effective date. 5 C.F.R. § 1201.22(b) (1991). The Board dismisses as untimely appeals filed in excess of this period in the absence of a good reason for the delay. 5 C.F.R. §§ 1201.22(c), 1201.12. The Board has discretion to determine good cause. Phillips, 695 F.2d at 1390. Appellant bears the burden of proving good cause. 5 C.F.R. § 1201.56(a)(2)(ii).
 
 
 4
 Effective May 31, 1991, the Department of the Army removed Mr. Fulton from the position of Equipment Specialist. The statutory period for his appeal ended twenty days thereafter on June 20, 1991. Mr. Fulton filed his appeal on July 15, 1991. The Board found that Mr. Fulton did not show good cause for the delay in filing.
 
 
 5
 Mr. Fulton argues that he failed to file the appeal on time because he believed his lawyer would do so. Yet, a reasonable reading of the letter sent to Mr. Fulton by his lawyer indicates that this believe was unfounded. Mr. Fulton's attorney wrote that he was retained to handle a possible appeal to the Army, not to the Board. Even if Mr. Fulton's belief was correct, however, he is bound by the consequences of his attorney's failure to file. Rowe v. MSPB, 802 F.2d 434, 437-38 (Fed.Cir.1986). The Department notified Mr. Fulton of the twenty-day period in the removal order. Mr. Fulton was responsible to monitor the actions of his representative. Id.
 
 
 6
 Mr. Fulton's only other relevant assertion is that his medical condition hampered his ability to file a timely appeal. The record is at best inconclusive about Mr. Fulton's mental health allegations. In particular, a May 1991 neurological report indicates that Mr. Fulton suffered from "no significant memory loss," requiring "no further neuro[logical] eval[uations]." At the same time, however, the physician suggested psychiatric counselling.
 
 
 7
 Therefore, based on this record, substantial evidence supports the Board's findings. Mr. Fulton has not shown them to be arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law.